UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                    :

Carlos Ruiz Florez                            :   Index No: 24-v-0543 (NCM)
                      Plaintiff,           :

    vs.                                      :

L & C Brand Realty Inc. and         :
Soko-Lya Café Inc.                      :

                    Defendants     :

------------------------------------------------------------------ x

# **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDMENT**

 

                                                                 Law Office of Jennifer E. Tucek, PC
                                                                  315 Madison Avenue, Suite 3054
                                                                  New York, New York 10017

                                                                  *Attorney for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………….. …………….3

PRELIMINARY STATEMENT ……………………………………...............…..4

STATEMENT OF FACTS ………………………………………………………...4

ARGUMENT ………………………………………………….......................5

PLAINTIFF ID ENTITLED TO A DEFAULT JUDGMENT……………'…………….6

PLAINTIFF IS ENTITLED TO FEES AS THE PREVAILING PARTY……………….11

CONCLUSION ……………………………………………………………… 14

.

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page**

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001) ……………………………………………………….…5

Roberson v. Giuliani, 346 F.3d 75 (2d Cir.2004)……………………………………5

Hensley v. Eckerhart 461 U.S. 424, 433 (1983)……………………………………...6

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 484 F.3d 162- 63 (2d Cir. 2007)………………………………….…………6

Diaz v. Paragon Motors of Woodside, Inc., No. CV-03-6466 (CPS) (RML), 2007 U.S. Dist. LEXIS 73230, 2007 WL 2903920, (E.D.N.Y. Oct. 1, 2007)………………………………………………………….6

Restivo Guardado v. Precision Fin., Inc., 2008 U.S. Dist. LEXIS 47881 (E.D.N.Y. March 9, 2008)……………………..……6

Luca v. County of Nassau, 698 F. Supp. 2d 296, 301 (E.D.N.Y. 2010)……………...6

Gutman v. Klein, 2009 U.S. Dist. LEXIS 123057………………………………..….6

Morganstern v. County of Nassau, 2009 U.S. Dist. LEXIS 116602……………...….6

Monge v. Coogan River Associates / 11-cv-4795 (KBF)……………………..….7

Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979)……………………….……8

Glass v. Pfeffer, 849 F.2d 1261, 1266 n. 3 (10th Cir. 1988)……………...……….8

*Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 75-78 (2d Cir. 2022)……………..8

*Harty v. W. Point Realty, Inc.,* 28 F.4th 435, 443 (2d Cir. 2022)……………….…..9

**Statutes**                                                                                 **Page**

42 U.S.C. §12205………………………………………………………….4, 5

42 U.S.C. § 12181 …………………………………………………………….4

28 C.F.R. Part 36 ……………………………………………….…………..4

## PRELIMINARY STATEMENT

Plaintiff Carlos Ruiz Florez ("Plaintiff") respectfully submits this memorandum of law in support of his motion for a default judgment pursuant to 42 U.S.C. §12205 and reserves his right to submit a complete bill for legal services incurred in this action including any hours expended preparing for any default hearing, and any other proceedings relating to compliance with the injunction.

Plaintiff brought this action against the owners and operators of Oleandr pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG). Plaintiff, who has paraplegia and ambulates in a wheelchair alleges that he visited the restaurant in June and July of 2023 to enjoy the Russian specialties and entertainment and encountered barriers to access including an inaccessible restroom and entrance.

## STATEMENT OF FACTS

Plaintiff's Complaint seeks injunctive relief, attorney's fees, and litigation costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and the ADA Accessibilities Guidelines ("ADAAG"), 28 C.F.R. Part 36. (ECF No. 1) Plaintiff suffers from paraplegia, is required to ambulate in a wheelchair, and has limited ability to grasp and squeeze with his hands. Plaintiff suffers from a "qualified disability" under the ADA. Defendants own or operate a restaurant and dinner club located in Brighton Beach Brooklyn.

4

Plaintiff alleges that he has visited the restaurant on two occasions in June and July of 2023, and further alleges he intends to visit the Hotel this summer to celebrate with family and friends. Exbibit A at ¶ 5 and 6.

Defendants were served on Defendants on 2/2/2024. On 4/23/24, the Clerk filed its certificate noting Defendant's default.

## ARGUMENT

### POINT I

### PLAINTIFF IS ENTITLED TO A DEFAULT IN THIS MATTER

"A default judgment on well-pleaded allegations of a complaint establishes a defendant's liability. The allegations are to be accepted as true, except those relating to the amount of damages." *Schwartz-Liebman Textiles,* 815 F. Supp. at 107.

The Defendant has failed to comply with the ADA because its restaurant does not provide an accessible entrance or restroom.

**Plaintiff has standing to bring this action**

To establish standing in the context of the ADA, a plaintiff must demonstrate: "1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [property] to plaintiff's home, that plaintiff

intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187 (2d Cir. 2013). As recognized by the court in Kreisler, to satisfy the constitutional requirements of standing, "the injury in fact, . . . must be (a) concrete and particularized, and (b) actual or imminent." Id. When a plaintiff seeks injunctive relief, the plaintiff must also demonstrate "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Grella v. Avis Budget Group, Inc*., No. 14-CV-8273 (CM), 2016 U.S. Dist. LEXIS 19248, 2016 WL 638748, at *4 (S.D.N.Y. Feb. 11, 2016) (quoting *Shaywitz v. Am. Bd. Of Psych. And Neurology*, 675 F.Supp.2d 376, 382 (S.D.N.Y. 2009) (emphasis in original)). A plaintiff complaining of injuries caused by alleged violations of the ADA "must still establish that such injuries were both concrete and particular to the plaintiff, and, must do so with sufficient specificity." *Feltzin v. 183 S. Wellwood Ave Corp.,* No. 16-cv-5387 (ADS)(GRB), 2017 U.S. Dist. LEXIS 181273, 2017 WL 6994213, at *2 (E.D.N.Y. Oct. 25, 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)); see *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) ("Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'"). "[T]he injury in fact that forms the basis for Plaintiff's standing has two parts: (1) the direct injury from personally encountering disability-based discrimination at Defendant's property, and (2) deterrence from using Defendant's property because it is not ADA compliant." *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo*., 458 F. Supp. 2d 160, 173 (S.D.N.Y. 2006).

<u>*Calcano v. Swarovski N. Am., LTD*</u>

In *Calcano,* multiple blind plaintiffs alleged that they all telephoned Defendant's customer service office in an attempt to purchase braille gift cards. They were informed that Defendants did not sell braille gift cards. Plaintiffs alleged they were denied access to Defendant's goods and services. Each plaintiff pleaded the identical assertion that he resided in close proximity to Defendant's businesses, had been a customer on prior occasions, and intended to immediately purchase braille gift cards when they become available. The Court found that plaintiff's allegations were merely legal conclusions, parroting the requirements in *Kreisler,* couched as factual allegations. Further, the assertions of proximity were vague and not credible and one of the plaintiff's alleged that he lived on the same street as a Kohl's store, when no such store existed. Further, the plaintiffs did not provide any details about their past visits or the frequency of their past visits. Finally, the court found that the Complaints were generic cut and paste pleadings that provided no specificity whatsoever. *Calcano* at p. 73-77.

Unlike *Calcano*, Plaintiff lives in close proximity to the restaurant and Brighton Beach is a popular destination for residents of the Queens and other areas of New York City and in particular individuals who wish to partake of the food and festivities provided at the Russian dinner clubs. Regarding his past visits, Plaintiff has clearly stated that he visited the restaurant on two prior occasions (June and on or around July 17, 2023) to enjoy the goods and services offered therein. He further stated that he intends to visit the restaurant again this summer to celebrate with family and friends. Complaint at ¶ 5, 6.

### *Harty v. W. Point Realty, Inc.*

In *Harty,* the plaintiff did not assert that he visited West Point Realty's website with the intention of visiting the Hotel; rather he alleged that he frequently visits hotel websites to determine whether those websites comply with ADA Regulations. Further, the complaint

alleged that plaintiff intended to return to the website "in the near future" and that these "someday" intentions without any description of concrete plans, or specification of when someday will be do not support a finding of actual injury. *Id* at 443.

Here, the Complaint states that Plaintiff visited the restaurant on two occasions and that intends to revisit it this summer. This case is obviously distinguishable from *Calcano and Harty* and Plaintiff will not belabor the point.

Plaintiff has clearly satisfied the constitutional requirements of standing by alleging a concrete, particularized and imminent injury in fact.

### Plaintiff Otherwise States a Claim Under the ADA

To state a claim for a violation of Title III, a plaintiff must demonstrate that (1) he is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that defendant discriminated against him by denying him full and equal opportunity to enjoy the services defendants provide. See *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *Maccharulo v. New York State Dept. of Correctional Services*, 2010 WL 2899751, *3 (S.D.N.Y. July 21, 2010); see also *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008) (construing the third element to require a plaintiff to demonstrate that defendants discriminated against the plaintiff "within the meaning of the ADA.").

Considering the well-pleaded allegations in the Second Amended Complaint the Court should conclude that Plaintiff is entitled to a default judgment.

### POINT II

## PLAINTIFF IS ENTITLED TO FEES AS THE PREVAILING PARTY

To recover attorney's fees under 42 U.S. C. § 12205, a plaintiff must be a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). In order to be a "prevailing party" under Buckhannon, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. Roberson v. Giuliani, 346 F.3d 75 (2d Cir.2004). Plaintiff is deemed the prevailing party by way of a default judgment against the Defendants, and is entitled to reasonable attorney's fees, litigation costs and expenses.

Plaintiff reserves his right to file a fee application at the conclusion of the matter.

## CONCLUSION

Accordingly, and for the foregoing reasons, Plaintiff respectfully requests the Court issue an Order directing Defendants to submit a remediation plan addressing the allegations in the Complaint within 60 days, and whatever other relief the Court deems just and proper and reserves his right to submit a fee request to be heard at the conclusion of the matter.

Dated: New York, New York.
      June 3, 2024

                        Respectfully Submitted,

                        By: /s/ Jennifer Tucek, Esq.
                            Law Office of Jennifer E. Tucek, PC
                            315 Madison Avenue, Suite 3054
                            New York, New York 10017
                            (917) 669-6991
                            TucekLaw@Gmail.com