UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Carlos Ruiz Florez

**CASE NO. 24-cv-0543(NCM)**

Plaintiff,

v.

AFFIRMATION IN SUPPORT OF
REQUEST FOR DEFAULT JUDGMENT

L & C Brand Realty and
Soko-Lya Café Inc.

Defendants.
_____/

JENNIFER E. TUCEK, hereby affirms under penalty of perjury as follows:

1. I am the attorney for the Plaintiff Carlos Ruiz Florez in the above captioned matter.

2. I submit this Affirmation in support of Plaintiff's request for a default Judgment pursuant to Fed. R. Civ. P. 55 (b)(2) and Local Rule 55.2(b).

3. The within action was commenced for injunctive relief, pursuant to the Americans with Disabilities Act, 42 U.S.C., Section 12181 *et.seq.* (ADA) and 28 CFR Part 36 (ADAAG).

4. Plaintiff resides in Queens, New York and of this jurisdictional district. Mr. Florez suffers from a spinal cord injury, has paraplegia, and is disabled as defined by the

ADA. Plaintiff is substantially limited in performing his daily activities, and uses a wheelchair for mobility purposes.

5. Plaintiff alleges that he was discriminated against because of barriers to access at a restaurant/entertainment club owned and/or operated by the defendants. The property at issue is Oleandr located at 410 Brighton Beach Avenue, Brighton Beach, New York. The specific barriers that Plaintiff has complained of include:

- The entrance is not accessible for various reasons including steps with no ramp and lack of maneuvering clearance space.
- The restrooms are inaccessible for numerous reasons, including lack of compliant grab bars and lack of space both at the doorway and inside the restroom, inaccessible mirror, coat hook and urinal, and several other violations specified clearly in the Complaint at Paragraph 17.

Please the Complaint (**Exhibit A**) ¶17 for a detailed list of violations.

## **THE BASIS FOR ENTERING DEFAULT**

6. The within action was commenced with the filing of the Summons and Complaint on January 25, 2024.

7. The Complaint was served on Defendants by service upon the secretary of state on 2/2/2024. The Affidavits of Service are attached as **Exhibit B**

8. Defendants' time to answer or otherwise respond to the complaint expired on 2/23/2024. The undersigned left several messages at the restaurant, emailed the restaurant and sent correspondence to the restaurant to no avail.

9. On 4/23/2024, the Clerk filed its certificate noting Defendants' default (**Exhibit C).**

10. The Defendants are corporate entities and are not individuals in the military service, nor infants nor incompetent.

2

11. The Defendants have offered no reasonable excuse for their lengthy delay in responding to the Complaint, nor did they seek an extension of time.

### **PROPOSOSED DAMAGES INCLUDING ATTORNEY'S FEES AND COSTS**,

12. Plaintiff, by reason of the default, is deemed to be the prevailing party and is entitled to injunctive relief and reimbursement of his reasonable attorney's fees.
13. Pursuant to 42 U.S.C. §1288(a), this court has authority to grant injunctive relief ordering defendants to alter the Facility to make it readily accessible to individuals with disabilities to the extent required by the ADA.
14. Plaintiff's Complaint, the factual allegations of which are deemed true, meets the necessary elements under the ADA. Plaintiff has cited the ADA regulations requiring compliance and is entitled to that relief as he intends to return to the Facility to enjoy the goods and services offered. (see Plaintiff's Memorandum of Law for further details of Plaintiff's visits to the restaurant and his desire to return.)
15. However, given Defendants' default, it may be necessary to be practical. The most common way of ensuring ADA compliance is to require defendants to submit a remediation/construction plan within a reasonable time that will correct the non-compliant features of their premises. Thus, Plaintiff request that the Court enters a Final Judgment and Injunction requiring defendants to submit to Plaintiff a plan for the correction of *each and every* of the non-compliant architectural barriers addressed in the Complaint at ¶17 within 60 days.

## NO INQUEST IS NECESSARY

16. Since there is no claim for monetary damages or interest, an inquest is not necessary. See Rule 55 (b)(2).

17. The undesigned reserves the right to submit a complete bill for legal services incurred in this action including any hours expended preparing for any default hearing, and any other proceedings relating to compliance with the injunction.

18. A proposed Order consistent with the above has been filed separately.

**WHEREFORE,** Plaintiff requests that the court enter a judgment of default in this matter granting Plaintiff the injunctive relief he seeks and reserves his fee request to be heard at the conclusion of the matter.

Respectfully Submitted,                                                                 June 3, 2024

/s/ Jennifer E. Tucek
Law Office of Jennifer E. Tucek, P.C.
315 Madison Avenue, Suite 3054
New York, New York 10017
 (917) 669.6991
Bar No: JT 2817