UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
CARLOS RUIZ FLOREZ,

                Plaintiff,

  -against-

L & C BRAND REALTY INC. and
SOKO-LYA CAFE INC.,

                Defendants.
-------------------------------------------------------- X

REPORT AND
RECOMMENDATION
24 CV 543 (NCM)(RML)

LEVY, United States Magistrate Judge:

        By order dated June 5, 2024, the Honorable Natasha C. Merle, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted.

**BACKGROUND AND FACTS**

        On January 25, 2024, plaintiff Carlos Ruiz Florez ("plaintiff") filed this action against defendants L & C Brand Realty Inc. and Soko-lya Cafe Inc. ("defendants"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq*. (Complaint, dated Jan. 25, 2024 ("Compl."), Dkt. No. 1.) Plaintiff seeks declaratory and injunctive relief and attorney's fees and costs. (See generally id.) Plaintiff has demonstrated that defendants were properly served with the summons and complaint. (See Affidavits of Service of Mark McClosky, sworn to Feb. 2, 2024, Dkt. Nos. 5, 6.) On April 16, 2024, plaintiff requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a). (Request for Certificate of Default, dated Apr. 16, 2024, Dkt. No. 8.) On April 23, 2024, the Clerk of the Court entered defendants' defaults. (See Certificate of Default, dated

Apr. 23, 2024, Dkt. No. 9.) Plaintiff filed the instant motion for default judgment on June 3, 2024. (Motion for Default Judgment, dated June 3, 2024, Dkt. No. 10.) On June 5, 2024, Judge Merle referred plaintiff's motion to me for report and recommendation. (Order, dated June 5, 2024.)

Plaintiff, a New York resident, suffered a spinal cord injury as a child, has paraplegia, and uses a wheelchair. (Compl. ¶¶ 2, 3.) He is therefore a qualified individual with a disability under the ADA. See 42 U.S.C. §§ 12102(1)-(2), *et seq.*; 28 C.F.R. §§ 36.101, *et seq*. Defendants own or operate a restaurant and dinner club called Oleandr, located at 410 Brighton Beach Avenue, Brooklyn, New York (the "Restaurant"). (Compl. ¶¶ 4, 8, 9; Memorandum of Law in Support of Plaintiff's Motion for Default Judgment, dated June 3, 2024 ("Pl.'s Mem."), Dkt. No. 10-1, at 3; Affirmation of Jennifer E. Tucek, Esq., dated June 3, 2024, Dkt. No. 11, ¶ 5.) Plaintiff alleges that he visited the Restaurant on two occasions in June and July of 2023 and intends to visit the Restaurant again in the future. (Compl. ¶ 6, 16; Pl.'s Mem. at 5.) Plaintiff lives in Queens and alleges that Brighton Beach is a popular destination for residents of Queens and other areas of New York City and, in particular, individuals who enjoy the food and entertainment provided at the Russian dinner clubs there. (Compl. ¶ 2; Pl.'s Mem. at 7.)

Plaintiff alleges that he encountered significant barriers that substantially limited his access to the Restaurant. (Compl. at 1.) For example, plaintiff encountered an inaccessible entrance where a step was present without a required ramp. (Id. ¶ 18.) In total, plaintiff describes twenty-eight ADA violations, including an inaccessible entrance, non-compliant door hardware, and inadequate maneuvering clearances, which hindered his ability to access the Restaurant's goods and services. (See id. (describing the twenty-eight violations).)

2

Plaintiff asserts that defendants' failure to make the Restaurant fully accessible has resulted in discrimination against him and other people with disabilities. (Id. ¶ 12.) As a result, plaintiff has experienced "irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until defendants are required to remove the physical barriers, dangerous conditions, and ADA violations." (Id. ¶ 21.) Plaintiff claims the removal of the physical barriers can be readily achieved without much difficulty or expense. (Id. ¶ 20.) Furthermore, plaintiff alleges that he intends to return to the Restaurant to enjoy the goods and services it offers; however, the physical barriers and ADA violations may prevent him from doing so. (Id. ¶¶ 6, 7.)

## DISCUSSION

### I. Default Judgment Standard

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06 CV 3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007). "[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); see also Au Bon Pain, 653 F.2d at 65 (explaining that the district court "need not agree that the alleged facts constitute a valid cause of action"); Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010)

("[A]fter default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.") (internal citation, quotation marks, and ellipses omitted).

## II. Standing

Standing is an "irreducible constitutional minimum." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To invoke the jurisdiction of the federal courts, "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation." Brown v. Mermaid Plaza Assocs. LLC., No. 13 CV 0760, 2018 WL 2722454 at *5 (E.D.N.Y. Mar. 8, 2018) (quoting Chapman v. Pier I Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)) (internal quotation marks omitted). To establish standing in an ADA suit, a plaintiff seeking injunctive relief must allege facts demonstrating: (1) a past injury under the ADA; (2) that it is reasonable to infer that the discriminatory treatment will continue; and (3) that it is reasonable to infer, based on proximity and the frequency of the plaintiff's past visits, that the plaintiff intends to return to defendant's business.[1] Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022) (citing Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-188 (2d Cir. 2013) (per curiam).

---

[1] It bears noting that the "credible threat" standard recently articulated by the Supreme Court in 303 Creative v. Elenis appears to lower the bar for a plaintiff to establish standing. 143 U.S. 2298, 2308 (2023). The previous standard was whether, "examined under the 'totality of all relevant facts,'" the plaintiff plausibly alleged "a real and immediate threat of future injury." Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022) (citation and internal quotation marks omitted) 303 Creative changes the inquiry to whether a plaintiff faces a *credible threat* of discrimination in the future, rather than requiring a *real and immediate threat* of future injury. Under the credible threat standard, plaintiff has clearly established standing, as he states that he intends to visit the Restaurant in the future and the Restaurant contains numerous accessibility issues. (Compl. ¶ 11.)

The allegations in plaintiff's complaint are sufficient to establish his standing to seek injunctive relief under Title III of the ADA. Plaintiff alleges that he suffered legal harm and injury in fact. (Compl. ¶ 11.) Plaintiff further alleges that defendants' failure to remove access barriers denies wheelchair users the ability to access the Restaurant's goods and services fully and independently. (Id. ¶ 12.) These barriers include an inaccessible entrance, lack of an accessible route to the establishment, absence of accessible means of egress, a step at the entrance without a required ramp, insufficient maneuvering clearance at the entrance door, a non-compliant door knob, and various non-compliant features within the restroom such as door swings, mirror height, urinal height, and required grab bars. (Id. ¶ 18.) As a result, defendants are discriminating against plaintiff by preventing him from accessing and enjoying their services. Plaintiff alleges that he visited the Restaurant in June 2023 and on or around July 17, 2023, and intends to return in the summer of 2024 to celebrate with family and friends. (Id. ¶¶ 5, 6.)

These allegations, accepted as true, establish that plaintiff has actual knowledge of barriers to defendants' place of public accommodation, that he would use and enjoy the Restaurant but for the presence of those barriers, and that he intends to return to the Restaurant in the future. Plaintiff also alleges that he has paraplegia and uses a wheelchair for mobility. (Id. ¶ 3.) Thus, he clearly has a statutorily protected disability. 42 U.S.C. § 12102(1)-(2). Plaintiff further alleges that the Restaurant is a place of public accommodation within the definition of Title III of the ADA. 42 U.S.C. § 12181(7). Such allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA. See 303 Creative, 143 U.S. at 2308 (finding that the plaintiff had standing to sue because she was able to show a credible threat of future discrimination against her); see also Hashimi v. Conandy Realty LLC,

No. 23 CV 2300, 2024 WL 1006833, at *4 (E.D.N.Y. Mar. 8, 2024) (finding that the plaintiff had standing to sue because he met all three factors required for the standing).

### III. Liability

Plaintiff has satisfied the requirements for liability under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination as:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently . . . because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden; [and] a failure to remove . . . barriers . . . in existing facilities . . . where such removal is readily achievable.

42 U.S.C. § 12182(b)(2)(A)(iii), (iv); see also Roberts v. Royal Atl. Corp., 542 F.3d at 367 (2d Cir. 2008). Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Plaintiff alleges, and the court accepts as true, that defendants have failed to remove architectural barriers where such removal is readily achievable and "can be accomplished without much difficulty or expense." (Compl. ¶ 13); see also Hashimi v. CLMO, LLC, No. 20 CV 1073, 2021 WL 3478174, at *3 (E.D.N.Y. July 19, 2021) (finding plaintiff established discrimination where complaint stated, and court accepted as true, that removal of architectural barriers was "readily achievable and would not impose an undue hardship on defendant"), report and recommendation adopted, 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021); Ross v. Royal Pizza Cafe Corp., No. 17

CV 6294, 2018 WL 6313208, at *3 (E.D.N.Y. Aug. 1, 2018) (same), report and recommendation adopted, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018).

Alternatively, "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." CLMO, LLC, 2021 WL 3478174, at *3 (quoting Harty v. Spring Valley Marketplace LLC, No. 15 CV 8190, 2017 WL 108062, at *5 (S.D.N.Y. Jan. 9, 2017)). Here, plaintiff alleges that the architectural barriers violated the ADAAG and denied him access to the Restaurant and the ability to avail himself of its goods and services. (Compl. ¶¶ 15-18.) Therefore, plaintiff's allegations are sufficient to establish that he has been discriminated against within the meaning of the ADA. See Shariff v. Beach 90th St. Realty Corp., No. 11 CV 2551, 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013) (accepting as true plaintiff's allegations that defendant's property did not comply with ADAAG provisions and the removal of barriers was readily achievable, and thus finding defendant liable under the ADA).

Plaintiff seeks injunctive relief under the ADA and requests that defendants' establishment be closed pending completion of the modifications. (Compl. ¶ 23.) When a plaintiff demonstrates that a defendant violated the ADA by failing to remove architectural barriers, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). As plaintiff's allegations are deemed true in light of defendants' default, defendants are liable pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv) and renovations to bring the site into compliance with the ADA are readily achievable. However, I respectfully recommend that plaintiff's request to close the Restaurant be denied because it is uncertain how long the remediation would take and closing the Restaurant in the interim would not necessarily advance plaintiff's goal of

7

making the premises accessible to people with disabilities.  See O'Rourke v. Drunken Chicken in NY Corp., No. 19 CV 3942, 2020 WL 4013187, at *4 (E.D.N.Y. July 16, 2020) (denying plaintiff's request to close a restaurant until barriers were remedied when they did not indicate how long modifications would take or why they could not be made while the restaurant remained open); Taylor v. 312 Grand St. LLC, No. 15 CV 5410, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016) (declining to close a bar while architectural barriers were remedied because "shutting down . . . [the] business is not going to get plaintiff or other disabled persons access").  Instead, closing the Restaurant would likely deprive defendants of the funds needed to carry out the remediation.

Having reviewed the nature of the violations claimed by plaintiff, the relief required to afford redress, and the common practice in this district of awarding injunctive relief in ADA cases, I respectfully recommend the issuance of an injunction.  See O'Rourke, 2020 WL 4013187, at *5 (recognizing the "common practice in this district for awarding injunctive relief in ADA cases").  Specifically, I recommend that the injunction (1) require defendants to submit to plaintiff's counsel an architecture plan that remedies the violations identified above within sixty (60) days of any order adopting this report and recommendation; (2) grant plaintiff thirty (30) days from receipt of defendants' plans to consent or seek further relief from the court; and (3) direct defendants to make the necessary alterations within sixty (60) days of plaintiff's consent or any ruling on plaintiff's request for further relief.  See Shariff v. Alsaydi, No. 11 CV 6377, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013).

### IV. Damages

Plaintiff does not seek statutory or compensatory damages, but he does request an award of attorney's fees and costs "in an amount to be determined by this Court."  (Compl. ¶ 22; see also Pl.'s Mem. at 4.)  The ADA allows a prevailing party to recover reasonable attorney's

fees, including litigation expenses and costs. 42 U.S.C. § 12205. Plaintiff is the prevailing party because defendants are in default, having failed to respond to the lawsuit, and are liable for the ADA violations plaintiff alleges.

The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Gaia House Mezz LLC v. State St. Bank & Tr. Co., No. 11 CV 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotations omitted). Additionally, to define a reasonable hourly rate, the court must determine "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). This query is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The relevant community is the district in which the court sits. Arbor Hill, 522 F.3d at 190-91; see also Siemieniewicz v. CAZ Contracing Corp., No. 11 CV 0704, 2012 WL 5183375, at *15 (E.D.N.Y. Sept. 21, 2012) (explaining that the evaluation of the reasonable rate for an attorney's fee in the district in which the action is pending should also include "prevailing market rates for attorneys of similar expertise providing comparable services.") (citing Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)), report and recommendation adopted as modified, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012)). The fee is then calculated by setting a reasonable hourly rate and multiplying that rate by the number of hours reasonably expended litigating the case. Siemieniewicz, 2012 WL 5183375, at *15 (quoting Joe Hand Promotions, Inc. v. Martinez, No. 07 CV 6907, 2008 WL 4619855, at *7 (S.D.N.Y. Oct.17, 2008)).

9

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed, preferably through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the relevant dates. Siemieniewicz, 2012 WL 5183375, at *15 (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983)). "All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1154; see also Kingvision Pay–Per–View, Ltd. v. The Body Shop, No. 00 CV 1089, 2002 WL 393091, at *5 (S.D.N.Y. Mar. 13, 2002) (denying request for attorney's fees and costs where plaintiff did not offer supporting documentation showing how the fees were accumulated).

Plaintiff indicates that he has reserved his right to seek fees. (Pl.'s Mem. at 1.) Since plaintiff has not specified how much he seeks in attorney's fees and costs or made any attempt to substantiate the request, I recommend that he be directed to file a motion for attorney's fees, with contemporaneous time records, within thirty days of an order adopting this report and recommendation. See Brown v. 3700 Deli & Grocery, Inc., No. 19 CV 7160, 2021 WL 289349, at *3 (S.D.N.Y. Jan. 27, 2021) (directing plaintiff to file fee motion in thirty days).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted. I further recommend that the court issue an injunction requiring defendants to remove the architectural barriers identified by plaintiff and make their facilities ADA compliant, as detailed above. Moreover, I recommend that the court grant plaintiff leave to file a motion for attorney's fees within thirty days of any order adopting this Report and

Recommendation. Plaintiff is directed to serve a copy of this Report and Recommendation on defendants within three (3) days, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
July 29, 2024